IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41175
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LONNIE RAY HOMER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(V-00-CR-77-ALL)
--------------------
May 13, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Lonnie Ray Homer appeals his convictions for distributing cocaine base (crack) and conspiring to distribute crack. We affirm.

    Homer contends that the evidence was insufficient to support his convictions on the three distribution counts. He relies on his assertion that the testimony of the cooperating individual involved, plus the tape recordings of the transactions, constituted

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the only evidence against him.  That is not the case:  The government also adduced evidence of (1) surveillance by an FBI special agent, (2) other precautions taken to avoid any evidentiary taint, (3) and the crack that Homer distributed.  The evidence is ample to support these convictions.  See United States v. Westbrook, 119 F.3d 1176, 1190 (5th Cir. 1997).

Homer further contends that there was insufficient evidence to support his conviction for conspiracy to distribute crack.  We discern no merit in his argument that the evidence established nothing more than individual distributions of crack to several of the government witnesses.  See United States v. Peters, 283 F.3d 300, 307 (5th Cir.), petition for cert. filed, (U.S. Apr. 4, 2002) (No. 01-9578).

Finally, Homer contends that the district court erred by denying his FED. R. CRIM. P. 29 motion for a judgment of acquittal.  This ruling was correct, however, as there was ample evidence to support his convictions.  See United States v. Baptiste, 264 F.3d 578, 586-87 (5th Cir. 2001).

AFFIRMED.